UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICIA WILLIAMS                    CIVIL ACTION NO. 10-cv-1670

VERSUS                               JUDGE STAGG

LOUISIANA STATE UNIVERSITY           MAGISTRATE JUDGE HORNSBY
HEALTH SCIENCE CENTER, ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

Patricia Williams ("Plaintiff") is employed at the LSU Health Sciences Center-Shreveport ("LSUHSC") as an Assistant Hospital Administrator in the Ambulatory Care Division. Plaintiff alleges that she was appointed to her position in 1993, and she is the first and only black administrator employed at LSUHSC. She alleges that she has been subjected to various forms of employment discrimination, and she filed this civil action against the State of Louisiana, the University of Louisiana System and Louisiana Board of Supervisors, and Joseph Miciotto.

Plaintiff alleges that Miciotto, a white male, is the hospital administrator and Plaintiff's supervisor. Plaintiff alleges in her most recent Amended Complaint (Doc. 18) that Miciotto is sued in his individual capacity pursuant to 42 U.S.C. §§ 1981 and 1983. Miciotto responded to the Amended Complaint with a Motion to Dismiss or Alternatively, for More Definite Statement (Doc. 22) that asserts qualified immunity and generally faults the

Amended Complaint for lack of sufficient detail and particularity, but does not otherwise raise any defenses. For the reasons that follow, it is recommended that the motion be denied.

**Rule 12 Challenges**

Rule 12(e) provides that a party may move for a more definite statement before filing a responsive pleading if the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." This does not mean that a plaintiff must plead in his complaint every date, person, event and other fact that must be proved to obtain a favorable judgment. Instead, the federal rules merely require "notice pleading." Rule 8(a)(2) requires a short and plain statement of the claim that will give the defendant "notice as to what the plaintiff's claim is and upon which grounds it rests." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126-130 (5th Cir. 1959). Rule 12(e) should not be used to frustrate the notice pleading policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. Mitchell, 269 F.2d at 132.

A defendant may also challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative

level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

**Failure to Promote**

A failure to promote claim is actionable under Section 1981(b). To establish a prima facie case for failure to promote, the plaintiff must show that: (1) she was a member of the protected class; (2) she applied for a position for which she was qualified; (3) she was rejected for the position; and (4) the employer filled the position with someone outside the protected class. Thomas v. City of Shreveport, 2008 WL 4291211, *7 (W.D. La. 2008).

Mr. Miciotto, as the supervisor, was the decisionmaker for purposes of Plaintiff's failure to promote claim. The law on the subject is not entirely settled in the Fifth Circuit, but courts have recognized a Section 1981 claim against a government supervisory official in his individual capacity in similar circumstances. See Knox v. City of Monroe, 551 F.Supp. 2d 504, 507-10 (W.D. La. 2008). The claim must be asserted through Section 1983, Felton v. Polles, 315 F.3d 470, 481-82 (5th Cir. 2002), which Plaintiff has invoked in her complaint. Defendant has not specifically attacked and briefed whether the law permits such an individual capacity claim. Rather, he complains only that the pleadings are not adequately detailed.

Accompanying Mr. Miciotto's argument about the amount of detail in the complaint is an assertion of qualified immunity. "Claims against individual public officials under Section 1981 are subject to the defense of qualified immunity, as are claims against such

individuals under Section 1983." Foley v. University of Houston System, 355 F.3d 333, 338 (5th Cir. 2003) (citations omitted). The official is entitled to qualified immunity if his alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id.

Plaintiff alleges that Miciotto, who had final decisionmaking authority over the rate and amount of her pay, on April 28, 2008 "denied Plaintiff a promotion to the position of Assistant Hospital Administrator for Patient Care Services and instead promoted a less qualified white employee by the name of Jean Digrazia." Amended Complaint, ¶ 12. Plaintiff adds that Miciotto used pretextual measures to provide the white employee opportunities to create a qualified background prior to the promotion. Plaintiff says she requested a pay raise at about the same time and it was denied, but Miciotto granted a white employee a raise. Plaintiff goes on to allege additional facts that she contends support a finding of racial discrimination in connection with the decision making.

Plaintiff need not establish a prima facie case in her complaint to survive a Rule 12(b)(6) challenge. Swierkiewicz v. Sorema N.A., 122 S.Ct. 992 (2002). She has nonetheless articulated facts that do so. The law against such discrimination has long been clearly established, and the complaint provides more than adequate facts to give reasonable notice of the foundation of the claim. Defendant's challenges to this claim should be denied.

**Unequal Pay**

The courts have recognized a claim for unequal pay under Section 1981. See Mills v. City of Port Arthur, 2006 WL 3531460, *13 (E.D. Tex. 2006). In unequal pay cases, the plaintiff's prima facie case is made by showing that she is a member of a protected class and is paid less than a non-member for work that requires substantially the same responsibilities. Johnson v. United Furniture Industries, Inc., 2007 WL 1501032, *2 (N.D. Miss. 2007), citing Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir. 1984).

Plaintiff alleges that from 2000 to 2008 white administrators, managers, and directors received increases of about 70% or more, while blacks in the same jobs lagged behind at 40% or less. ¶ 14. Black management employees experienced denial of pay raises when whites under similar circumstances were granted raises. Plaintiff points to two examples in Paragraphs 15-16. Plaintiff alleges that around April 28, 2008 she asked Miciotto for a pay raise for her and two subordinates because their job loads had increased. Miciotto denied the requests. Leisa Oglesby, a white administrator, was "paid more than Plaintiff for like work, but with lesser responsibilities." ¶ 17. Plaintiff also alleges in Paragraph 35 that she was "not paid equal wages since the date of her promotion to hospital administrator in 1993 for substantially comparable work due to her race ... ." These allegations are adequate for a reasonable person to understand the basis of the claim against Miciotto, and they outline a scenario that would violate clearly established federal law. Defendant's challenge to this claim should be denied.

**Retaliation**

The portion of Plaintiff's complaint that lists her "Causes of Action" does not include retaliation in the heading. The text, however, refers to "retaliatory hostile work environment for opposition to race-based discrimination ... ." ¶ 35. Plaintiff has briefed a retaliation claim in her memorandum.

A prima facie case of retaliation under Section 1981 requires a showing that: (1) the employee engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004). The elements for a prima facie case of retaliation under Section 1981 are identical to those for Title VII. Foley, 324 F.3d at 316. Title VII's anti-retaliation provision has been held to prohibit any employer action that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Burlington N & SFR Co. V. White, 126 S.Ct. 2405 (2006).

After 28 paragraphs of allegations regarding unequal treatment and mistreatment based on race, Plaintiff alleged that she filed an internal grievance and a charge with the EEOC. ¶ 29. "Once the grievance and Charge were filed, Defendant Miciotto began to systematically exclude Plaintiff from participating in meetings of department heads." ¶ 30. Plaintiff adds that "because of her opposition to discrimination she was retaliated against and

a retaliatory hostile work environment was created for her with the idea of forcing her to resign." ¶ 31.

Plaintiff makes similar allegations of being ignored in meetings and having her authority undermined, but it is not clear if those allegations are regarding events that happened before or after the charge of discrimination. Plaintiff has offered in her memorandum to file an amended complaint and allege that, after the charge of discrimination was filed in June 2008, Miciotto put a derogatory and untrue notation in her personnel file, acted as if Plaintiff was not present in the room or referred to her as "she" while referring to others by name, stopped all communication with Plaintiff regarding the Emergency Department and communicated instead with her white subordinate, invited the white subordinate to high level meetings while excluding Plaintiff, excluded Plaintiff from a disaster meeting for the first time in her 17 years of administration, and retaliated against Plaintiff's department and staff by paying higher salaries to newly hired nursing directors of white administrators, approved higher pay for transcription employees working for white administrators, approved domicile pay of $3.00 per hour for nurses in a lab supervised by a white administrator but did not give the same pay to a lab under Plaintiff, and several other such actions.

It is perhaps debatable whether Plaintiff's Amended Complaint, as it stands, puts enough flesh on this claim to withstand scrutiny, but the additional allegations proposed in the memorandum are adequate. Accordingly, the court should deny the Motion to Dismiss

but with the requirement that Plaintiff file a motion for leave to her amend complaint within 14 days after this motion is acted on and assert the specific facts offered in the memorandum. This would be the third amendment to the complaint, so Plaintiff should plead her best case and assume that further amendments will not be allowed absent a strong showing of good cause. Omission of such facts often leads to needless motion practice and is to be avoided.

**Hostile Work Environment**

Plaintiff's Amended Complaint lists hostile work environment among her causes of action. ¶ 35. Her brief contains sections devoted to the defense of claims for failure to promote, unequal wages, and retaliation, but there is no section defending a hostile work environment claim. Such a claim is cognizable under Section 1981. Felton, 315 F.3d at 483. The courts look to Title VII for the elements of the claim. Title VII jurisprudence requires that the racial harassment be objectively unreasonable. The workplace environment must be "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to the alter the conditions of the victim's employment." Dediol v. Best Chevrolet, Inc., 655 F.3d 435, 441 (5th Cir. 2011), quoting Alaniz v. Zamora-Quezada, 591 F.3d 761, 771 (5th Cir. 2009). It appears Plaintiff has abandoned the hostile work environment claim in light of its demanding requirements, so that claim should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Joseph Miciotto's **Motion to Dismiss (Doc. 22)** be **granted in part** by dismissing any claim for hostile work environment and be **denied** in all other respects.

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to file a motion for leave to amend her complaint, within 14 days after entry of the order disposing of the Motion to Dismiss, and propose an amended complaint that contains the additional allegations of fact set forth in her memorandum.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of January, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE